IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **WILLIE CHESTER, #56341-080** | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:05-CV-2327-D |
| | ) | |
| **DAN JOSLIN, Warden,** | ) | |
| Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

<u>FINDINGS AND CONCLUSIONS</u>:

<u>Type of Case</u>:  This is a petition for a writ of habeas corpus brought by a federal prisoner pursuant to 28 U.S.C. § 2241.

<u>Parties:</u>  Petitioner is currently confined at the Federal Correction Institution (FCI) in Seagoville, Texas.  Respondent is the warden at FCI Seagoville.  The Court did not issue process in this case pending preliminary screening.

<u>Statement of Fact</u>:  Following his plea of not guilty, Petitioner was convicted of possession of a firearm by a felon and false statements in acquisition of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a), and 922(a)(6).  <u>United States v. Chester</u>, 6:91cr106(01) (W.D. Tex., Waco Div.).  The trial court imposed an enhanced sentence of 264 months imprisonment and a five-year term of supervised released.  <u>Id.</u>  The Fifth Circuit Court of Appeals affirmed the

conviction and sentence on December 11, 1992.

Prior to filing this action, Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, see Chester v. United States, 6:95cv320 (W.D. Tex., Waco Div. filed on Oct. 6, 1995), and a motion to reduce sentence, see United States v. Chester, 6:91cr106(1) (filed on Jan. 15, 2002). The trial court denied the motions on May 30, 1996, and on February 4, 2002, respectively. (Id.). Petitioner also filed a § 2241 habeas petition on May 18, 2004, challenging the trial court's subject matter jurisdiction over his criminal case, and the misapplication of the United States Sentencing Guidelines. Chester v. United States of America, 3:04cv1063-M (N.D. Tex.). On December 16, 2004, the District Court adopted the findings and conclusions of the undersigned Magistrate Judge and denied the habeas corpus petition. Id. The Fifth Circuit affirmed on appeal. See No. 05-10017.

In the present § 2241 action, Petitioner challenges the enhancement of his sentence under the Armed Career Criminal Act (ACCA). (Petition at 4). He asserts the sentencing court improperly classified his two prior state drug offenses and one prior state burglary offense as "violent felonies," contrary to the Supreme Court's recent holding in Shepard v. United States, 544 U.S. 13, 125 S.Ct. 1254 (2005). (Id. at 4-5). Petitioner alleges he is actually and factually innocent of the enhanced sentence. (Id. at 5-7). He further alleges that his counsel was ineffective before and during sentencing in failing to object to the enhancement of his sentence. (Id. at 7).[1]

---

[1] In Shepard, the Supreme Court addressed the extent to which information about prior convictions based on guilty pleas may be considered by a later sentencing court when determining the applicability of ACCA, 18 U.S.C. § 924(e), to convictions obtained under 18 U.S.C. § 922(g)(1) (felon in possession of a firearm). 125 S.Ct. 1254, 1257. The ACCA provides a sentence enhancement for a defendant who is convicted under 18 U.S.C. § 922(g)(1) (unlawful possession of a firearm by a convicted felon) and who has three prior convictions for

2

<u>Findings and Conclusions</u>: Although Petitioner denominates his current petition as one for relief under 28 U.S.C. § 2241, the petition clearly seeks to attack the validity of the federal sentence that he is currently serving.[2] <u>Shepard</u> did not change the substantive law with respect to the elements of the offense for which Petitioner was convicted. <u>See</u> 125 S.Ct. at 1257. Like <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S.Ct. 2348 (2000), and <u>United States v. Booker</u>, 543 U.S. 220, 125 S.Ct 738 (2005), success on his <u>Shepard</u> claim or his ineffective assistance of counsel claim premised on <u>Shepard</u> would affect only his sentence, not the criminality of his conduct. <u>See</u> <u>Tracy v. Williamson</u>, 152 F. Appx. 234, 235 (3rd Cir. 2005) (prisoner's challenges to judicial fact-finding at his sentencing under <u>Shepard</u> and to constitutionality of ACCA properly should have been brought in a § 2255 motion to vacate); <u>Morton v. United States</u>, 2005 WL 3116085, *2 (W.D.N.C. 2005) (Petitioner's <u>Shepard</u> claim, unlike a <u>Bailey</u> claim, does not attack the criminality of his conduct but rather the length of his sentence); <u>see also</u> <u>Padilla v. United States</u>, 416 F.3d 424, 425 (5th Cir. 2005) (per curiam) (holding that petitioner's <u>Booker</u> claims did not attack his conviction and that his claims challenged only the validity of his sentence); <u>Kinder v. Purdy</u>, 222 F.3d 209, 213-14 (5th Cir. 2000) (challenge to manner in which prisoner's sentence was initially determined, on theory that career offender guideline was not

---

specified types of offenses. <u>Taylor v. United States</u>, 495 U.S. 575, 577-578, 110 S.Ct. 2143, 2147, 109 L.Ed.2d 607 (1990). The Supreme Court limited the evidence a court may rely on to enhance punishment to (1) the terms of the charging documents; (2) a statement of the factual basis for the earlier charges shown by a transcript of the plea colloquy; (3) a written plea agreement presented to the earlier court, or (4) a record of comparable findings of fact adopted by the defendant before entering the plea. <u>Shepard</u>, 125 S.Ct. at 1259-1261, 1263.

[2] Since Petitioner is incarcerated in the Dallas Division of the Northern District of Texas, this Court is the appropriate division to make the determination whether Petitioner may proceed under 28 U.S.C. § 2241. <u>See</u> <u>Padilla v. United States</u>, 416 F.3d 424, 426 (5th Cir. 2005); <u>Hooker v. Sivley</u>, 187 F.3d 680, 682 (5th Cir.1999).

properly applied to his drug conspiracy conviction, had to be brought in a § 2255 motion).

A collateral attack on a federal criminal conviction is generally limited to a motion to vacate, set aside or correct a sentence under 28 U.S.C. § 2255. Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001); Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000); Cox v. Warden, Fed. Detention Center, 911 F.2d 1111, 1113 (5th Cir. 1990). A § 2241 habeas petition is properly construed as a § 2255 motion if it seeks relief based on errors that occurred at trial or sentencing. Tolliver, 211 F.3d at 877-88. Habeas relief under § 2241 may be appropriate only when the remedy provided under § 2255 is "inadequate or ineffective," the so-called "savings clause" -- i.e. "unless it also appears that the remedy by [§ 2255 motion] is inadequate or ineffective to test the legality of [movant's] detention." Jeffers, 253 F.3d at 830. "A § 2241 petition is not, however, a substitute for a motion under § 2255, and the burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner." Id.[3]

Petitioner has not provided any valid reason why the § 2255's remedy is either inadequate or ineffective. The Fifth Circuit has long held that "[a] prior unsuccessful § 2255 motion, or the inability to meet the AEDPA's second or successive requirement, does not make § 2255 inadequate or ineffective." Jeffers, 253 F.3d at 830; see also Toliver, 211 F.3d at 878.

Nor can Petitioner show that his claims fall within the savings clause. A prisoner seeking

---

[3] The savings clause of § 2255 states as follows:
An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that *the remedy by motion is inadequate or ineffective to test the legality of his detention*.
(Emphasis added).

4

to invoke the savings clause of § 2255 must demonstrate a claim of actual innocence

> (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal or first § 2255 motion.

Padilla v. United States, 416 F.3d 424, 426 (5th Cir. 2005) (per curiam) (quoting Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001)).  The first prong of the Reyes-Requena's savings-clause test requires that a retroactively applicable Supreme Court decision establish that the petitioner is "actually innocent."  See Reyes-Requena, 243 F.3d at 903-04.  In explaining the requirement, the Fifth Circuit stated that "the core idea is that the petitioner may have been imprisoned for conduct that was not prohibited by law."  Id. at 903.

Petitioner cannot utilize the savings clause.  He has not alleged, let alone shown, that he is actually innocent of the crime of conviction.  All of his arguments are premised on being "innocent" of a "crime of violence," the basis for the career offender sentencing enhancement.  He claims that he is "actually, factually and legally innocent of the sentence enhancements" because he was sentenced as a career offender based on "crimes of violence" that were not in fact "crimes of violence."  (Pet. at 4).  Such a claim is not the type of actual innocence claim contemplated by the savings clause.  Kinder v. Purdy, 222 F.3d 209, 213-14 (5th Cir. 2000) (petitioner's argument that his underlying conviction could not support application of the career offender provisions is not the same as an argument that "he is innocent of the crime for which he was convicted," and the former, even if correct, would not entitle him to proceed under § 2255's savings clause); Morton v. United States, 2005 WL 3116085, *2 (W.D.N.C.) (W.D.N.C.,2005) (Petitioner's Shepard claim, unlike a Bailey claim, does not attack the criminality of his conduct but rather the length of his sentence).

Moreover, the procedural rule set out in Shepard is not applicable on collateral review. Tracy v. Williamson, No. 05-2659, 2005 WL 2812805, at *1 (3rd Cir. 2005) (holding Shepard is not retroactively applicable on collateral review); Duong. v. United Sates, 2005 WL 3312630 (S.D. Tex Dec. 6, 2005) (findings, conclusions and recommendation); McCleskey v. United States, No. EP-05-CA-0272-PRM, 2005 WL 1958407, at *6 (W.D. Tex., Aug. 15, 2005). Consequently, Petitioner's Shepard claims may not be brought under the savings clause of § 2241.[4]

Even if the § 2241 petition were liberally construed as a motion filed pursuant to 28 U.S.C. § 2255, this Court would be without jurisdiction to consider the same since a § 2255 motion must be filed in the federal court in which the habeas petitioner was convicted and sentenced. Escamilla v. Warden USP Beaumont, 31 F.Appx. 155 (5th Cir. 2001); Ojo v. Immigration and Naturalization Service, 106 F.3d 680, 683 (5th Cir. 1997); United States v. Weathersby, 958 F.2d 65, 66 (5th Cir. 1992). Further, Petitioner has filed one previous § 2255 motion and has not obtained prior authorization from the Fifth Circuit Court of Appeals to file a

---

[4] Petitioner's reliance on Ross v. United States, 289 F.3d 677 (11th Cir. 2002), is inapposite. (Pet. at 3). Ross held that the Supreme Court's decision in Richardson v. United States, 526 U.S. 813, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999), in which the Court concluded that "a jury has to agree unanimously about which specific violations make up the 'continuing series of violations'" of a Continuing Criminal Enterprise charge, was retroactively applicable to cases on collateral review. Ross did not address the applicability of Shepard to cases on collateral review.
   Similarly, the Supreme Court's decision in Dodd v. United States, ___ U.S. ___, 125 S.Ct. 2478 (2005), is wholly inapplicable to this case. (Pet. at 3). In Dodd, the Supreme Court addressed the timeliness of a § 2255 motion raising a Richardson claim.
   Petitioner relies extensively on Haley v. Cockrell, 306 F.3d 257 (5th Cir. 2003), which addressed actual innocence of an enhanced sentence in the context of a state procedural default. (See Pet. at 5-6). Unlike Haley, state procedural default is not at issue in this habeas petition, which challenges the misapplication of the United States Sentencing Guidelines. In addition, the Supreme Court has vacated and remanded Haley to the lower courts to address the alternative grounds for relief. Dretke v. Haley, 541 U.S. 386, 124 S. Ct. 1847 (2004).

successive motion under § 2255.  See United States v. Key, 205 F.3d 773, 774-75 (5th Cir. 2000); and 28 U.S.C. § 2255.

RECOMMENDATION:

For the foregoing reasons it is recommended that the habeas corpus petition pursuant to 28 U.S.C. § 2241 be dismissed for lack of jurisdiction.

It is further recommended that the § 2241 petition, construed as a motion under 28 U.S.C. § 2255, be dismissed for lack of jurisdiction.

A copy of this recommendation will be mailed to Petitioner.

Signed this 23rd day of February, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE


NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.